NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALEJANDRO BONTIA | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 11-cv-1739(DMC-MF) |
| | : | |
| UNITED STATES CITIZENSHIP AND | : | |
| IMMIGRATION SERVICES, | : | |
| | : | |
| Defendant. | : | |

**DENNIS M. CAVANAUGH, U.S.D.J.**

      This matter comes before the Court upon the Motion to Dismiss or for Summary Judgment filed by Defendant United States Citizenship and Immigration Services ("Defendant"), and upon the Cross Motion for Summary Judgment filed by Plaintiff Alejandro Bontia ("Plaintiff"). ECF Nos. 4, 13.  Pursuant to FED. R. CIV. P. 78, no oral argument was heard.  After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's Motion is **granted** and that Plaintiff's Cross Motion is **denied**.

I.      **BACKGROUND**[1]

      This is an action seeking review of the denial of an application for naturalization.  Compl. ¶ 1, ECF No. 1.  Plaintiff is a citizen and native of the Philippines, and is a lawful permanent resident

---

[1] The facts presented in this background section are taken from the Complaint, and from public records submitted to this Court by the parties.

of the United States.  Compl. ¶ 2.  On February 11, 1992, Plaintiff pled guilty to counts six and seven

of a seven count indictment.  Tr. of Plea at 1, Ex. B to Def.'s Mot. ("Plea Tr."), ECF No. 4-2.  Count

six charged criminal sexual contact in violation of N.J.S.A. § 2C:14-3(b).  Indictment at 7, Ex. A to

Def.'s Mot. ("Indictment").[2]  Count seven charged criminal sexual conduct which would impair or

debauch the morals of a child under the age of sixteen in violation of N.J.S.A. § 2C:24-4(a).

Indictment at 8.   The remaining counts, including a charge of criminal sexual assault in violation

of N.J.S.A. § 2C:14-2c(5), were dismissed.  Judgment of Conviction at 2, Ex. A to Def.'s Mot.

("Judgment").[3]

On August 2, 2010, Defendant denied Plaintiff's application for naturalization on the grounds

that Plaintiff lacked good moral character.  United States Citizenship and Immigration Services

Decision at 5, Ex. C to Def.'s Mot. ("USCIS Decision").  Defendant stated that Plaintiff's prior

conviction under N.J.S.A. § 2C:14-3(b) constituted sexual abuse of a minor, which for immigration

purposes is considered an aggravated felony and a bar to naturalization.  USCIS Decision at 6-7.

Defendant affirmed its decision upon review on November 26, 2010.  Decision on Review of Denial

of Naturalization Application at 2, Ex. D to Def.'s Mot. ("Decision on Review").  Defendant

informed Plaintiff of his right to seek review of this decision before a United States District Court

pursuant to Section 310(c) of the Immigration and Nationality Act.  Decision on Review at 3.

Plaintiff filed his Complaint on March 28, 2011.  Defendant filed the present Motion on July

---

[2] As the Indictment does not contain internal page numbers, any pin cites to the Indictment refer to page numbers as they appear on the Court's Electronic Document Filing System.

[3] As with the Indictment, any pin cites to the Judgment refer to page numbers as they appear on the Court's Electronic Document Filing System.

25, 2011.  On November 14, 2011, Plaintiff filed an Amended Complaint, as well as the present Cross Motion and Opposition.  ECF No. 12.  Defendant filed its Reply in support of its Motion and Opposition to Plaintiff's Cross Motion on December 5, 2011.  ECF No. 16.  Plaintiff filed his Reply in support of his Cross Motion on December 19, 2011.  ECF No. 19.  The matter is now before this Court.

II.     **LEGAL STANDARDS**

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  To survive a motion to dismiss, the complaint must state a plausible claim.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level."  Bell Atl. Corp., 550 U.S. at 555.

III.    **DISCUSSION**

At the outset, the Court notes that Defendant's Motion is in the form of a Motion to Dismiss or for Summary Judgment.  Since a review of the pleadings, documents integral to the pleadings, and matters of public record is sufficient to decide Defendant's Motion, the Court will consider the

matter under the Motion to Dismiss standard.  Further, Plaintiff filed his Amended Complaint outside of the time limits for amendments as a matter of course set forth in FED. R. CIV. P. 15. Defendant has not consented to allow Plaintiff to amend his Complaint, and as discussed below, the Court is convinced that Plaintiff should not be granted leave to amend his complaint.

Turning to the merits of the parties' arguments, the Court begins with a review of the relevant portions of the Immigration and Nationality Act of 1990 (the "INA").   Under the INA, no person shall be naturalized unless such person, among other requirements, "has been and still is a person of good moral character" during all relevant periods.  8 U.S.C. § 1427(a)(3).  The INA further notes that no person shall be regarded as a person of good moral character if, at any time, such person has been convicted of an "aggravated felony."  8 U.S.C. § 1101(f)(8).  The term "aggravated felony" applies not only to federal offenses, but also to violations of state law.  See 8 U.S.C. § 1101(a)(43); Restrepo v. Attorney General of U.S., 617 F.3d 787, 791 (3d Cir. 2010).   The INA defines aggravated felony to include, inter alia, "murder, rape, or sexual abuse of a minor."  8 U.S.C. § 1101(a)(43)(A).

Defendant maintains that the Complaint should be dismissed because Plaintiff has been convicted of sexual abuse of a minor, and is thus statutorily ineligible for naturalization.  Def.'s Reply Br. 3.  Plaintiff responds that his conviction for criminal sexual contact does not constitute sexual abuse of a minor, and as such does not disqualify him from naturalization.  Pl.'s Opp'n Br. 1.  In order to determine whether Congress intended the phrase "sexual abuse of a minor" to include conduct punishable under a particular state statute, courts employ the "formal categorical approach" set forth in Taylor v. United States, 495 U.S. 575, 600-02 (1990).  This requires a court to compare the statutory definition of the crime of conviction against the more generic definition in 8 U.S.C. §

1101(a)(43).  The first part of this task requires a determination of whether all of the conduct proscribed in the statute of conviction, rather than the conduct proscribed in the particular subsection the individual was convicted of performing, categorically constitutes "sexual abuse of a minor."  If only some of the conduct proscribed in the statute of conviction falls within the category of "sexual abuse of a minor," a court may then look beyond the statutory definition, and consider the facts underlying the conviction to determine whether the specific crime at issue constitutes "sexual abuse of a minor."  Stubbs v. Atty. Gen., 452 F.3d 251, 254-55 (3d Cir. 2006).  In considering such facts, courts are limited to considering the charging instrument and the plea colloquy.  Id.

Plaintiff urges this Court to consider his conviction under the framework of Taylor v. United States, and as further explained in the Third Circuit Opinion in Restrepo v. Attorney General of U.S. Defendant, meanwhile, argues that no such analysis is required, since the Third Circuit has already considered the statute at issue in Ijalana v. Attorney General of U.S., 257 F. App'x 594, 596 (3d Cir. 2007).  In Ijalana, the Third Circuit applied the formal categorical approach, and determined that the conviction in question, criminal sexual contact in violation of N.J.S.A. § 2C:14-3(b), constituted sexual abuse of a minor.[4]  The Ijalana Court determined that N.J.S.A. § 2C:14-3(b) contained both

_____

[4]While the decision does not explicitly indicate that N.J.S.A. § 2C:14-3(b) was the subsection at issue, a review of the Opinion and N.J.S.A. § 2C:14-3 makes clear that it was, which in turn bears on this Court's own analysis.  There are two subsections to N.J.S.A. § 2C:14-3, which are N.J.S.A. § 2C:14-3(a) and N.J.S.A. § 2C:14-3(b).  N.J.S.A. § 2C:14-3(a) indicates that an actor is guilty of aggravated criminal sexual contact if he commits an act of sexual contact under any of the circumstances set forth in N.J.S.A. § 2C:14-2(a)(2)-(7).  N.J.S.A. § 2C:14-3(b), meanwhile, indicates that an actor is guilty of criminal sexual contact if he commits an act of sexual contact under any of the circumstances set forth in N.J.S.A. § 2C:14-2(c)(1)-(4).  In Ijalana, the alien pled guilty to criminal sexual contact, not aggravated sexual contact, which indicates that the conviction at issue was under N.J.S.A. § 2C:14-3(b). Further, in determining that the statute at issue included conduct which both may and may not involve sexual abuse of a minor, thus necessitating a consideration of the charging instrument under the Taylor framework, the Ijalana Court referred to N.J.S.A. § 2C:14-2(c)(1)-(2).  Ijalana,

conduct that would constitute sexual abuse of a minor and conduct that would not, and therefore turned to the charging instrument to determine which variation the alien was charged under.

 As the <u>Ijalana</u> Court determined that a review of the charging instrument was necessary to determine what subsection of N.J.S.A. § 2C:14-3(b) the alien was charged under, so too must this Court review which subsection Plaintiff was charged under. N.J.S.A. § 2C:14-3(b) indicates that an actor is guilty of criminal sexual contact if he commits an act of sexual contact under any of the circumstances set forth in N.J.S.A. § 2C:14-2(c)(1)-(4). Count Six of the indictment charges that Plaintiff "did commit criminal sexual contact . . . the victim being at least thirteen but less than sixteen years of age and the actor being at least four years older than the victim . . . ." Indictment at 7. This is the conduct proscribed by N.J.S.A. § 2C:14-2(c)(4), and is the same conduct to which the alien in <u>Ijalana</u> pled guilty. 257 F. App'x at 596. The <u>Ijalana</u> Court found that this subsection constituted sexual abuse of a minor. <u>Id.</u> at 596-97. In keeping with that decision, it is the finding of this Court that Plaintiff's conviction qualifies as sexual abuse of a minor for immigration purposes, and that Plaintiff is statutorily barred from naturalization.

 Plaintiff asks this Court to consider the detailed factual circumstances discussed in his plea colloquy, and to differentiate his case from <u>Ijalana</u> in that regard. Pl.'s Opp'n Br. 9-12. This is not the proper inquiry under the <u>Taylor</u> analysis, however, and the Court declines to do so. The issue is not the circumstances that led to Plaintiff's conviction; rather, it is which specific crime Plaintiff pled guilty too.

 Plaintiff advances another argument, in which he contends that the aggravated felony

---

257 F. App'x at 596 n.1. These are the referenced sections in N.J.S.A. § 2C:14-3(b), thus making it clear that N.J.S.A. § 2C:14-3(b) was the statute at issue.

category of sexual abuse of a minor did not exist until 1996, after the time of his guilty plea, and should not apply to this particular case. Pl.'s Opp'n Br. 8. Section 321(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") makes clear that the definition of aggravated felony, including sexual abuse of a minor, applies retroactively. Pub. L. No. 104-208, 110 Stat. 3009 (September 30, 1996). In this respect, Section 321(b) states that the definition of aggravated felony "applies regardless of whether the conviction was entered before, on, or after September 30, 1996." IIRIRA, § 321(b), 110 Stat. at 3009-628. Plaintiff, however, points to the language of Section 321(c) of the IIRIRA, which states that "[t]he amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred." IIRIRA, § 321(c), 110 Stat. at 3009-628.

Plaintiff argues that since this Court is empowered to review his immigration case de novo, the amendments do not apply to "actions taken" by this Court. Pl.'s Opp'n Br. 8-9. This argument relies on a misreading of the law. Section 321(b) makes clear that the inclusion of "sexual abuse of a minor" in the definition of "aggravated felony" applies to Plaintiff's 1992 conviction. Section 321(c) does not change this. Section 321(c) simply limits the amendments to orders or decisions of an Immigration Judge or the Board of Immigration Appeals made after 1996. Since all immigration decisions made regarding Plaintiff's case occurred after 1996, Section 321(c) is not at issue. The only question in this case is whether Plaintiff's 1992 conviction renders him statutorily ineligible for naturalization. This Court holds that it does, and will grant Defendant's Motion to Dismiss on that ground. Further, Plaintiff's proposed amendments to his Complaint would be futile, as they are insufficient to overcome this statutory bar to naturalization.

IV.    **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is **granted**.  Plaintiff's Cross

Motion for Summary Judgment is **denied**.  An appropriate Order accompanies this Opinion.


   S/ Dennis M. Cavanaugh
   Dennis M. Cavanaugh, U.S.D.J.

Date:        February  28 ,  2012
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File